1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   TEDDY S. WILLIAMS,                        CASE NO. 1:06-CV-00816-OWW-SMS P

10              Plaintiff,                    ORDER DISMISSING ACTION, WITHOUT
                                             PREJUDICE, FOR FAILURE TO OBEY A
11     v.                                    COURT ORDER

12   EDWARD S. ALAMEIDA, et al.,              (Doc. 5)

13              Defendants.
                                          /
14

15        Plaintiff Teddy S. Williams ("plaintiff") is a state prisoner proceeding pro se in this civil

16   rights action pursuant to 42 U.S.C. § 1983.  On September 12, 2006, the Court issued its second

17   order requiring plaintiff to submit a completed application to proceed in forma pauperis or pay the

18   filing fee in full within thirty days.  More than thirty days have passed and plaintiff has not complied

19   with or otherwise responded to the Court's order.[1]

20        Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local

21   Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

22   sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

23   control their dockets and "in the exercise of that power, they may impose sanctions including, where

24   appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.

25   1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

26

27        [1] The United States Postal Service returned the order on September 20, 2006, as undeliverable.  A notation
     on the envelope indicates that plaintiff paroled from prison.  However, plaintiff has not notified the Court of any
28   change in his address.  Absent such notice, service at a party's prior address is fully effective.  Local Rule 83-182(f).

1  action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.

2  Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

3  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

4  requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

5  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of

6  address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

7  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

8  failure to lack of prosecution and failure to comply with local rules).

9       In determining whether to dismiss an action for lack of prosecution, failure to obey a court

10  order, or failure to comply with local rules, the Court must consider several factors: (1) the public's

11  interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk

12  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

13  (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

14  1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

15       In the instant case, the Court finds that the public's interest in expeditiously resolving this

16  litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third

17  factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of

18  injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air

19  West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of

20  cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

21  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal

22  satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262;

23  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order requiring plaintiff to submit

24  an application to proceed in forma pauperis or pay the filing fee warned plaintiff that dismissal

25  would result from the failure to comply with the order.  Thus, plaintiff had adequate warning that

26  dismissal would result from his noncompliance with the Court's order.  Further, the Court notes that

27  the order was returned undelivered with a notation that plaintiff was released on parole.  Plaintiff has

28  ///

1  not notified the Court of any change in his address.  As such, the Court has no ability to contact

2  plaintiff.

3        Accordingly, this action is HEREBY DISMISSED, without prejudice, based on plaintiff's

4  failure to obey the Court's order of September 12, 2006.

5

6  IT IS SO ORDERED.

7  **Dated:   October 25, 2006**          **/s/ Oliver W. Wanger**

8  emm0d6               UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28